UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                          Criminal Case No. 19-20270

Carlton Williams,                                                 Sean F. Cox
                                                                              United States District Court Judge
    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Carlton Williams ("Defendant") was convicted of one count of being a felon in possession of a firearm and one count of distributing controlled substances and was sentenced to 30 months imprisonment. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion because: 1) Defendant poses a danger to the community and thus his release would not be consistent with applicable policy statements issued by the Sentencing Commission; and 2) because the 18 U.S.C. § 3553(a) sentencing factors do not favor his release.

## BACKGROUND

In this criminal case, Defendant pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(a), and one count of distributing controlled substances, in violation of 21 U.S.C. § 841(a). This Court sentenced Defendant to a term of 30 months imprisonment.

Defendant has served roughly half of his sentence. Defendant is currently housed at FCI Milan. Defendant is 27 years old. It is undisputed that Defendant has mild asthma. Defendant also claims that he has had bronchitis, but that was prior to his incarceration.

Defendant filed his Motion for Compassionate Release, asserting that he believes he is at risk of an adverse outcome should be contract the virus, due to his medical condition. Defendant also asks the Court to consider his family circumstances, as Defendant would like to help his fiancee care for the couple's two children and one them suffers from sickle cell disease.

The Government acknowledges that Defendant exhausted his administrative remedies but opposes the mot the merits.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy

statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted). *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, Defendant is a 27 year-old man who is, overall, in good health. Defendant's medical records do establish that he has mild asthma. The Government argues that Defendant's asthma is being managed with medication.

The Government also argues, persuasively, that even if Defendant has a heightened risk due to his asthma, Defendant is ineligible for compassionate release because he is a danger to the community. Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The record does not support such a finding in this case, where Defendant was convicted of both a firearm offense

3

and drug trafficking offense, and has two prior felony convictions.

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release. Defendant's criminal conduct was serious and allowing Defendant to be released after serving only half of his sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 14, 2020